UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
Jose Vazquez,

                Plaintiff,                      **MEMORANDUM & ORDER**
                                                                                           23-CV-02110 (DG) (LB)

    -against-

Richmond County Supreme Court, *et al.*,

                Defendants.
----------------------------------------------------------------X
DIANE GUJARATI, United States District Judge:

      Plaintiff Jose Vazquez, proceeding *pro se*, brings this action against various defendants, including the Richmond County Supreme Court, two judges (with "1972" noted next to the judges' names), and the District Attorney of Richmond County, identified as "Mokse" (with "the year 1972 and all sequential replacement" noted next to the reference to the District Attorney). *See generally* Complaint ("Compl."), ECF No. 1. Although the allegations in the Complaint are sparse and difficult to decipher, the Court liberally construes the Complaint to be brought pursuant to 42 U.S.C. § 1983 ("Section 1983").[1]

      Pending before the Court is Plaintiff's Motion for Leave to Proceed *in forma pauperis*. *See* ECF No. 2.

      The Court grants Plaintiff's request to proceed *in forma pauperis* and, for the reasons set forth below, dismisses the Complaint in its entirety but grants Plaintiff leave to file an Amended Complaint by **November 6, 2023**.

---

[1] In the section of the Complaint addressing federal question jurisdiction and requiring a listing of "the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case," Plaintiff states: "Constitutional 4th, 5th, 6th, 7th, 8th, and 14th Amendments[.] Codes, Rules, Regulation." *See* Compl. at 4.

## BACKGROUND

In the section of the Complaint entitled "Statement of Claim" and requiring, *inter alia*, a description of "how each defendant was involved and what each defendant did," Plaintiff states only:

> On May 10, 1972, Three (3) individuals were arrested for Accusations of Murder and Robbery first (1) Criminal Court violated the Constitution by severance Bruton Rule violation: The Grand Jury declared a Defective Indictment - Wherein the Codes of Criminal Procedure law § 311, § 312, § 313 and § 317 - At that same time the Criminal Procedure is taking over and that also under § 40.10.  Section; CPL 190.50; People v. Chait (7 A.D. 2d 399)[.]  Relief requested; the Grand Juries Forman to dispose of Ind. No. 173/72.

*See* Compl. at 5.

In the section of the Complaint entitled "Relief," Plaintiff states only:

> The methods of corruption defying those law under Judiciary Law § 212, County Law § 700 - County Law § 525, 527, the amount of 613 billion dollars - for pain, suffering - long term disabilities based on all court records and arrest - attempted murder on my person, Moore v. Peters.

*See* Compl. at 6.

Subsequent to the filing of the Complaint, Plaintiff filed a letter in which he indicates, *inter alia*, that he seeks "a review of all circumstances left outside of the legal realm" and references, *inter alia*, "the Florida Statutes" and the "inter-state Compact."  *See* Letter from Jose Vazquez to Clerk of Court, ECF No. 4.  The Court construes the Complaint and letter liberally.

## STANDARD OF REVIEW

To survive dismissal for failure to state a claim, a complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Matson v.*

2

*Bd. of Educ. of City Sch. Dist. of N.Y.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In reviewing a *pro se* complaint, a court must be mindful that the plaintiff's pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also, e.g.*, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that, "[e]ven after *Twombly*," courts "remain obligated to construe a *pro se* complaint liberally"). Nonetheless, where, as here, a *pro se* plaintiff is proceeding *in forma pauperis*, a district court must dismiss the plaintiff's complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In determining whether to dismiss, the court must "accept all 'well-pleaded factual allegations' in the complaint as true." *Lynch v. City of N.Y.*, 952 F.3d 67, 74-75 (2d Cir. 2020) (quoting *Iqbal*, 556 U.S. at 679); *see also Leybinsky v. Iannacone*, No. 97-CV-05238, 2000 WL 863957, at *1 (E.D.N.Y. June 21, 2000) ("For purposes of considering a dismissal under 28 U.S.C. § 1915(e)(2), the allegations in the complaint must be taken as true.").

## DISCUSSION

### I.   Plaintiff's Section 1983 Claims

Section 1983 "provides 'a method for vindicating federal rights elsewhere conferred,' including under the Constitution." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).[2] To sustain a claim brought under Section

---

[2] In pertinent part, 42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the

3

1983, "[t]he conduct at issue 'must have been committed by a person acting under color of state law' and 'must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.'" *Id*. (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)).  Further, a plaintiff must allege the personal involvement of the defendant in the alleged deprivation.  *See Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010); *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006); *see also Terebesi v. Torreso*, 764 F.3d 217, 234 (2d Cir. 2014).

Here, the Complaint, even liberally construed, fails to state a claim under Section 1983. The factual allegations are simply too sparse and difficult to decipher.  *See generally* Compl.

The Complaint is dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.     Leave to Amend**

The Court grants Plaintiff leave to file an Amended Complaint by **November 6, 2023**. *See Banks v. Schumer*, No. 15-CV-01078, 2015 WL 1928795, at *1 (E.D.N.Y. Apr. 28, 2015) (citing *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795-96 (2d Cir. 1999)).  To the extent that Plaintiff files an Amended Complaint asserting Section 1983 claims, such Amended Complaint must contain, at a minimum, sufficient facts to permit any defendants named therein to understand which federal rights Plaintiff claims to have been deprived of, how, and by whom, and must sufficiently allege action under color of state law.  Plaintiff is advised that any Amended Complaint will replace entirely the current Complaint.  Thus, any fact included in the current Complaint that Plaintiff seeks to have the Court consider when reviewing the Amended Complaint must also be contained in the Amended Complaint.  The Amended Complaint must

---

Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

4

be captioned "AMENDED COMPLAINT" and bear the same docket number as this Order: 23-CV-02110.

## CONCLUSION

Plaintiff's Motion for Leave to Proceed *in forma pauperis*, ECF No. 2, is granted.

For the reasons set forth above, the Complaint, ECF No. 1, is dismissed in its entirety. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff is granted leave to file an Amended Complaint by **November 6, 2023**. If Plaintiff fails to file an Amended Complaint by **November 6, 2023** or files one that does not cure the deficiencies in Plaintiff's Complaint, judgment dismissing this action shall be entered.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail to Plaintiff: (1) a civil rights complaint form; and (2) a copy of this Order.

SO ORDERED.

                                                 */s/ Diane Gujarati*
                                                 DIANE GUJARATI
                                                 United States District Judge

Dated:  October 6, 2023
         Brooklyn, New York