UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
Jose Vazquez,

       Plaintiff,       **MEMORANDUM & ORDER**
                  23-CV-02110 (DG) (LB)
  -against-

Richmond County Supreme Court, *et al.*,

       Defendants.
-----------------------------------------------------------------X
DIANE GUJARATI, United States District Judge:

  Plaintiff Jose Vazquez, proceeding *pro se*, filed the Complaint in this action, bringing claims against various defendants. *See* Complaint, ECF No. 1. By Memorandum & Order dated October 6, 2023 (the "October 6, 2023 Order"), the Court granted Plaintiff's Motion for Leave to Proceed *in forma pauperis*, ECF No. 2; dismissed the Complaint – which the Court liberally construed as having been brought pursuant to 42 U.S.C. § 1983 ("Section 1983"); and granted Plaintiff leave to file an Amended Complaint by November 6, 2023. *See generally* October 6, 2023 Order, ECF No. 5. The October 6, 2023 Order, *inter alia*, (1) set forth the standard of review and applicable law; (2) set forth that the Complaint, even liberally construed, failed to state a claim under Section 1983; (3) informed Plaintiff that to the extent that Plaintiff were to file an Amended Complaint asserting Section 1983 claims, such Amended Complaint "must contain, at a minimum, sufficient facts to permit any defendants named therein to understand which federal rights Plaintiff claims to have been deprived of, how, and by whom, and must sufficiently allege action under color of state law;" and (4) informed Plaintiff that if he failed to file an Amended Complaint by November 6, 2023 or filed one that did not cure the deficiencies in Plaintiff's Complaint, judgment dismissing this action shall be entered. *See generally* October

6, 2023 Order.[1]

On November 14, 2023, Plaintiff filed an Amended Complaint. *See* Amended Complaint, ("Am. Compl."), ECF No. 6.[2] In the Amended Complaint, Plaintiff appears to seek to bring claims against various defendants under Section 1983 and under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *See* Am. Compl. at 5.[3]

In the section of the Amended Complaint entitled "Statement of Claim" and requiring, *inter alia*, a description of "how each defendant was personally involved in the alleged wrongful action," Plaintiff alleges only:

> On May 10, 1972 – Alan Harrison the actual perpetrator of said crime – who may clear he was the said to the Broadway lounge, my next saw me and indicated (Alan) made a public confession
>
> When a defective indictment shouldn't be in jail under code rules. Regulation – code of criminal procedure the criminal procedure law CPL 190.50
>
> First: illegally confined – the attempted murder to my person. Inspite – of constan relief request. All lawyers knew, I should of been released. Yet, the various stages – keep making me the actual ongoing records have to be falsified. Mrs. O'Connor – was the only representative before the Judge. She visit crying telling me, I know you didn't anything to do with this. Judge Hon. Vito Titone, ADA Morse individual and official capacity, under the color of law ADA Morse

*See* Am. Compl. at 6.

Plaintiff seeks relief of "$613 Billion Dollar." *See* Am. Compl. at 7.

As set forth below, because the Amended Complaint fails to cure the deficiencies in

---

[1] Familiarity with the October 6, 2023 Order and with the procedural history and background of this action is assumed herein.

[2] In light of Plaintiff's *pro se* status, the Court excuses the lateness of the filing.

[3] References to the Amended Complaint are to the page numbers generated by the Court's electronic case filing system ("ECF").

Plaintiff's Complaint and fails to plausibly state a claim, the Amended Complaint must be dismissed.

As an initial matter, the Amended Complaint fails to state a claim under *Bivens* because, *inter alia*, the Amended Complaint does not appear to assert any claim against any *federal* official. *See generally* Am. Compl.; *Bivens*, 403 U.S. 388; *see also* Am. Compl. at 5 (preprinted portion of complaint form setting forth that under *Bivens*, "you may sue *federal* officials for the violation of certain constitutional rights") (emphasis added).

The Amended Complaint also fails to state a claim under Section 1983. Although Plaintiff includes in the Amended Complaint certain assertions that appear to be aimed at alleging action under color of state law, *see, e.g.*, Am. Compl. at 6 ("Judge Hon. Vito Titone, ADA Morse individual and official capacity, under the color of law"), the factual allegations in the Amended Complaint remain sparse and difficult to decipher and do not plausibly state a Section 1983 claim. *See generally* Am. Compl.; *see* October 6, 2023 Order at 2-4.

Because the Amended Complaint, even liberally construed, fails to plausibly state a claim, the Amended Complaint is dismissed without prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to enter judgment and to close this case. The Clerk of Court is further directed to mail a

copy of this Order to Plaintiff.

      SO ORDERED.

                                                                             */s/ Diane Gujarati*  
                                                                             DIANE GUJARATI  
                                                                             United States District Judge

Dated:  December 1, 2023  
           Brooklyn, New York